**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALEXANDRIA RESIDENT COUNCIL,
INCORPORATED,
Plaintiff-Appellee,

v.

ALEXANDRIA REDEVELOPMENT &
HOUSING AUTHORITY,
Defendant-Appellant,

No. 99-2649

and

SAMUEL MADDEN HOMES TENANT
COUNCIL, d/b/a Samuel Madden
Homes Cooperative, Incorporated,
Defendant.

SUSAN F. BRITA; MARILEE MENARD;
MALCOLM E. VERDICT,
Amici Curiae.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-97-427-A)

Argued: June 5, 2000

Decided: July 6, 2000

Before NIEMEYER and LUTTIG, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Vacated by published opinion. Judge Luttig wrote the opinion, in which Judge Niemeyer and Senior Judge Beezer joined.

_____

**COUNSEL**

**ARGUED:** Michael Jay Weiser, Alexandria, Virginia, for Appellant. Paul Anthony Fiscella, Alexandria, Virginia, for Appellee. **ON BRIEF:** Victor M. Glasberg, Alexandria, Virginia, for Appellee. Susan F. Brita, Alexandria, Virginia; Marilee Menard, Alexandria, Virginia; Malcolm E. Verdict, Alexandria, Virginia, Amici Curiae.

_____

**OPINION**

LUTTIG, Circuit Judge:

The Alexandria Redevelopment and Housing Authority ("ARHA"), the public housing authority for the City of Alexandria, Virginia, appeals from the district court's orders, issued pursuant to motions filed by the Alexandria Resident Council, Inc. ("ARC"), requiring that ARHA accept ARC's offer to purchase the Samuel Madden Downtown Homes ("Madden Homes"). Because we conclude that the district court was without jurisdiction to consider ARC's motions, we vacate the orders that the district court issued pursuant to those motions.

I.

After it had designated the Madden Homes for demolition, ARHA was required, under governing regulations of the United States Department of Housing and Urban Development ("HUD"), to first offer to sell the development to its "local resident council." When ARHA made the required sale offer to another entity, treating that entity as the development's local resident council, ARC filed an action under 28 U.S.C. section 1983, seeking a declaration and order that, under HUD regulations, it was the project's local resident council, and that it was thus entitled to receive an offer of sale. J.A. 24-25. The district court granted the requested relief, and this court affirmed,

see <u>Alexandria Resident Council, Inc.</u> v. <u>Samuel Madden Homes Tenant Council</u>, No. 97-2501, 1998 WL 416726 (4th Cir. July 22, 1998).

ARC subsequently filed two motions in the district court. First, on December 23, 1998, ARC filed a motion ("1998 motion") requesting that the court order ARHA, which had already made the required offer of sale to ARC, to accept ARC's offer to purchase the Madden Homes. In response, the court ordered ARC to pursue its right to appeal ARHA's rejection of the purchase offer with HUD. The court also ordered ARHA not to take any action, such as selling the development to another party, that would prejudice ARC's efforts to purchase the Madden Homes, pending further order of the court. J.A. 66-67. ARC pursued its appellate rights with HUD and, although HUD found most of ARHA's bases for rejecting the purchase offer to be erroneous, it agreed with ARHA that ARC had failed to provide a "firm financial commitment" to fund its purchase. HUD gave ARC ninety days to cure this infirmity.

Second, on August 18, 1999, after ARHA had rejected ARC's renewed attempt to provide a firm financial commitment, ARC again filed a motion ("1999 motion") requesting, <u>inter alia</u>, that the district court order ARHA to accept its purchase offer. J.A. 68-69. The court granted the motion, set aside ARHA's rejection of ARC's purchase offer, and directed ARHA to accept the offer. ARHA now appeals from this final order of the district court, and from the district court's assumption of jurisdiction over both the 1998 and the 1999 motions.

II.

ARHA contends that this litigation, initiated by ARC's section 1983 complaint, necessarily came to an end when this court affirmed the district court's judgment granting the relief requested in that complaint -- a declaration that ARC was the rightful local resident council of the Madden Homes and an order that ARHA extend to ARC the required sale offer. ARHA thus argues that the district court was without jurisdiction to consider the 1998 and 1999 motions, and that its orders issued pursuant to those motions should be vacated. Although ARHA repeatedly raised this jurisdictional issue below, <u>see</u> J.A. 43-44, 194, 325, the district court apparently never addressed it. On appeal, ARC maintains that the power to consider its post-judgment

3

motions fell within the district court's ancillary jurisdiction -- that is, the court's power to consider motions ancillary to the underlying section 1983 complaint. We disagree.

In Peacock v. Thomas, 516 U.S. 349 (1996), the Supreme Court explained that:

> [A] federal court may exercise ancillary jurisdiction "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."

Id. at 354 (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379-80 (1994) (citations omitted)).[1] We conclude that ARC's 1998 and 1999 motions requesting that the district court order ARHA to accept its purchase offers fell into neither of these two categories of ancillary jurisdiction.

As to the first category articulated in Peacock , the resolution of factually interdependent claims in the same court, the motions at issue are not sufficiently interdependent with the claims advanced in the underlying complaint to warrant the exercise of ancillary jurisdiction. In Peacock, the Court considered an initial complaint that involved the status of the defendants as fiduciaries under the Employee Retirement Income Security Act and their alleged wrongdoing in that role, and a subsequent complaint against a defendant to which one of the defendants from the first suit had allegedly diverted funds to avoid paying the judgment from the first suit. The Court held that the two complaints were not sufficiently factually and logically interdependent to justify the district court's exercise of ancillary jurisdiction over the second complaint on the basis of the first. See id. at 355-56.

_____

[1] The common law concept of "ancillary jurisdiction" is now codified as an aspect of "supplementary jurisdiction." See 28 U.S.C. § 1367. The Court in Peacock made it clear, however, that, at least as is relevant to the present dispute, common law principles govern a court's ancillary jurisdiction, just as prior to codification.

Similarly, in the present case, the section 1983 action filed by ARC, the subject of which was ARC's status as the rightful local resident council of the Madden Homes and its entitlement to an offer of sale from ARHA, is entirely independent from the legal question raised in the 1998 and 1999 motions: whether, after extending the required offer of sale and receiving a subsequent offer of purchase, ARHA properly evaluated ARC's proposal in deciding to reject that proposal. The resolution of the latter question required the district court to consider issues, such as the stability of ARC's financial backing and the extent to which ARHA was required to abide by the recommendations of its independent proposal review committee, all of which were entirely irrelevant to the resolution of the underlying complaint. Likewise, the district court's resolution of ARC's section 1983 complaint required it to assess factors such as whether ARC had been duly elected as the local resident council by the residents of the Madden Homes and whether ARHA had previously recognized ARC's status as local resident council, and such factors were entirely irrelevant to the court's consideration of the 1998 and 1999 motions. Under these circumstances, we cannot conclude that there was any interdependence at all between the section 1983 complaint and the post-judgment motions, let alone sufficient interdependence to warrant the district court's exercise of ancillary jurisdiction over those motions.

As to the second category of ancillary jurisdiction recognized in Peacock -- the court's power to effectuate its decrees -- the relief sought in the 1998 and 1999 motions, that ARHA be ordered to accept ARC's purchase offer, simply was not necessary to the effectuation of the initial judgment declaring ARC the local resident council and ordering that it receive a sale offer. That is, although the right to receive an offer of sale inheres in being declared a local resident council, it is certainly not inherent in being so declared that the resident council's purchase offer be accepted, pursuant to HUD's regulatory procedures for the evaluation of such offers. Indeed, that HUD regulations set forth specific criteria for the evaluation of purchase offers submitted by duly recognized local resident councils necessarily implies that some such offers will not be accepted. As such, we conclude that the district court's order, pursuant to the 1999 motion, that ARHA accept ARC's purchase offer, was not necessary to the

5

effectuation of the court's prior judgment that ARC be recognized as the local resident council of the Madden Homes.

In concluding that the district court was without ancillary jurisdiction to consider the 1998 and 1999 motions, we do not necessarily conclude that ARC was without recourse after ARHA rejected its original and revised purchase offers. ARC could have appealed those rejections to HUD, as it did after the first rejection but not after the second, and may have been able to file an action challenging any adverse decision by HUD as arbitrary and capricious under the Administrative Procedure Act.[2] However, the need to file a separate complaint, under a separate statutory scheme, serves only to underscore the inappropriateness of the district court's consideration of the 1998 and 1999 motions as ancillary to its consideration of the underlying section 1983 complaint. Once the district court had granted the relief sought in the section 1983 complaint, declaring ARC the resident council of the Madden Homes and ordering ARHA to extend to ARC an offer of sale, the district court lacked jurisdiction to manage the interaction between ARC and ARHA on an ongoing basis. We therefore vacate the orders of the district court issued pursuant to ARC's 1998 and 1999 motions.

VACATED

_____

[2] Indeed, when the district court responded to the 1998 motion by ordering ARC to pursue its appellate rights with HUD, the court may well have intended simply to advise ARC that it was required to exhaust administrative remedies before challenging the rejection of its purchase offer in federal court. We vacate the 1998 order not because such instruction was erroneous or otherwise inappropriate, but because, by its plain terms, the order required ARC to pursue an appeal with HUD. J.A. 66 ("[I]t is hereby ordered [that] . . . Plaintiff ARC is directed to seek . . . an administrative review by [HUD] of the decision by [ARHA] to reject ARC's offer to purchase the [Madden Homes]." Because we conclude that the district court had no authority to consider matters relating to the ongoing negotiations between ARC and ARHA, we must vacate this effort by the district court to bind ARC to pursue a particular course of action in the course of those negotiations.

6